Mundy *vs.* Martin.

E. W. MUNDY, plaintiff in error, *vs.* JOHN G. MARTIN defendant in error.

When there was a *certiorari* from the County-Court which, under the Act of 1866, Code, 297, is to be heard by the Judge of the Superior Cour-in vacation or in term, as should to him seem proper, and there was tendered to the Judge in vacation a traverse of the answer of the County Court Judge, and the Judge of the Superior Court thereupon, by written order, directed the papers and the traverse to be transmitted to the next term of the Superior Court for trial.

*Held,* That this was a judgment of the Judge that the traverse should be tried by the jury, and that, while that judgment stands unreversed, it is error to dismiss the traverse and withdraw the case from the jury on the ground that the traverse was not verified by the affidavit of the party making it.

*Certiorari.* Practice. Presumptions. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

Martin had judgment against Mundy in the County-Court. Mundy sued a *certiorari* before the Judge of the Superior Court in vacation. He sanctioned the *certiorari*, and ordered the County-Court Judge to answer. He answered, and Mundy traversed his answer. Judge Collier then ordered the papers to be filed in the office of the Clerk of the Superior Court "for trial at the next Superior Court of said county."

At the next term, Judge Hopkins presiding, the cause was called after the juries had been discharged for the term, and in the absence of Mundy's counsel. Martin's counsel moved to dismiss the traverse. This was granted. He then moved to dismiss the *certiorari*. It did not appear by the record that the traverse of the answer had been verified. The Court dismissed it. All this is assigned as error.

R. ARNOLD; H. VAN EPPS, for plaintiff in error. Said order was final till set aside: 9th Ga. R., 117, 247 ; 20th, 581; 8th, 143; 1 Peter's S. C. R., 340; 10th, 475; Code, secs. 3519, 3773. It must be regularly attacked: 2 Humph.

R., 302. There must be motion and notice : R. Code, secs. 3533, 3534 ; 40th Ga. R., 359. The law presumes the necessary verification was filed when Collier acted : 10 Peter's S. C. R., 472. After continuance no dismissal without notice : 3d Kelly, 26 ; Code, sec. 3475. There was merit in the cause.

HILL & CANDLER, for defendant. No provision for traverse of County-Judge's answer : Code, sec. 2180. A *Justice's* answer is traversable only by statute and under oath : Code, sec. 3994. There should be damages for delay : Code, sec. 4221 ; 40th Ga. R., 94, 157, 212.

McCAY, Judge.

Were this an ordinary *certiorari,* required by the Code to be made returnable to a particular term of the Superior Court, we should not hesitate to affirm the judgment of Judge Hopkins. In such cases, by section 3992 of the Code, the traverse of the return, properly verified, carries the case, *ipso facto,* to a jury. On the traverse, no order of the Judge is necessary, and when the case is before the jury, it is in the power of the party resisting the traverse to insist upon it, that the issue shall be properly made up.

But the Act organizing the County-Court makes special provisions for writs of *certiorari :* Code section 297. The petition is to the County-Judge, who, on its presentation, certifies up the proceedings to the Judge of the Superior Court in vacation ; the Judge of the Superior Court hears it and decides it in vacation, unless he sees proper to carry it over to term time.

It appears from the record here that on the filing of the traverse, the Judge decided not to hear this case in vacation, but, by a formal order, directed the case and the traverse to be sent to the next term of the Superior Court for trial. In what does that differ from any other interlocutory judgment ? It was a necessary and proper order to be made on the filing

of the traverse, and was doubtless the judgment of the Court on the *status* of the case. The filing of the traverse made the intervention of a jury necessary, and the Judge ordered accordingly.

It is a settled rule that any order or judgment of the Court stands until vacated. The parties had a right to consider the jury trial as settled, so long as that judgment was unreversed, and of a motion to reverse it they were entitled to notice.

The presumption is, at least, *prima facie*, that the verification was attached when the order was passed, or Judge Collier would not have passed it. At any rate, this will be presumed until, by formal motion to vacate the order, it is directly denied.

Judgment reversed.